UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC., AMERICAN CIVIL LIBERTIES UNION AND NATIONAL CONSUMER LAW CENTER<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION<br><br>Defendant. | Civil Action No.: 16-10613-ADB |

## **MOTION FOR ENLARGEMENT OF TIME AND MOTION TO STAY PROCEEDINGS ON ATTORNEY'S FEES**

Pursuant to Federal Rules of Civil Procedure 54(d)(2) and 6(b)(1)(B), Plaintiffs move this Court to stay proceedings on attorney's fees during the pendency of the appeal of this Court's March 30, 2018 Memorandum and Order, ECF No. 73. Plaintiffs so move although this motion is filed more than the 14 days after entry of judgment provided for by Rule 54(d)(2)(B)(i). In support of their motion, Plaintiffs state as follows:

1.  The Memorandum and Order on the parties' cross-motions for summary judgment, ECF No. 73, on March 30, 2018, granted Plaintiffs' motion in part, granted the Department of Education's (ED's) motion in part, and denied both motions with respect to one issue. It also ordered ED to produce the documents it had withheld pursuant to Exemption 7. At the time, the Court did not enter judgment on any of these issues.

2.       Nonetheless, on May 25, 2018, ED filed a Notice of Appeal "with regard to the Court's decision to grant Plaintiffs' summary judgment, as it requires Defendant to 'produce…documents.'" ECF No. 75. Shortly thereafter, on June 1, Plaintiffs filed a status report with this Court withdrawing its remaining objections to the Exemption 5 issue remaining before it and asking this Court to enter judgment. ECF No. 79.

3.       A mediation was scheduled in the First Circuit for July 18. On July 16, Plaintiffs were drafting and revising their mediation statement when they received notification that this Court had entered judgment. ECF No. 80.

4.       As a result, per Rule 54(d)(2)(B)(i), Plaintiffs' motion for attorney's fees was due 14 days later, on July 31, 2018, as was this motion to stay proceedings on attorney's fees. However, Rule 6(b)(1)(B) provides that the Court may, on motion, extend the time for good cause "if the party failed to act because of excusable neglect." Excusable neglect may extend to "inadvertent delays," making "excusable neglect under Rule 6(b) [ ] a somewhat elastic concept." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (citations and internal marks omitted). Additionally, Rule 54(b) itself provides that a court order may extend the time for the filing of a motion for attorney's fees.

5.       Here, judgment was entered separately from, and later than, the Court's summary judgment decision and ED's Notice of Appeal. On the date judgment was entered, Plaintiffs were engaged in mediation conversations in the Court of Appeals. The following day, on July 17, the mediator cancelled the scheduled July 18 mediation because ED had not provided him with unredacted copies of many of the documents at issue. A second mediation was scheduled for August 30 but was cancelled on August 29 for the same reason.

6. Because the Notice of Appeal had been filed, and proceedings in the Court of Appeals had begun, long before entry of judgment in the District Court, the posture of this case was unusual. As a result of their focus on the ongoing settlement proceedings in the First Circuit, Plaintiffs neglected to timely file a motion to stay fee proceedings in the District Court. Plaintiffs filed this motion promptly upon realizing the error.

7. No prejudice has resulted to ED from the delay of just over a month. The posture of the case is no different today than it was on July 31. In fact, on August 24, ED filed a motion seeking to extend the August 28 deadline for its opening appellate brief by 60 days because the Solicitor General had not yet authorized the appeal in this case.

8. Moreover, the attorney's fees issue likely would not have been resolved while the appeal, which could alter which party has prevailed, is pending. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

**Wherefore**, Plaintiffs respectfully request that this Court enter an order staying further proceedings on attorney's fees and directing that any motion for attorney's fees be filed within thirty days of a mandate issuing from the Court of Appeals.

Dated: September 7, 2018

Respectfully submitted,

*/s/* Rachel E. Goodman
Rachel Goodman
Dennis Parker
Sarah Hinger
American Civil Liberties Union
    Foundation
125 Broad Street, 18th Fl.
New York, NY 10004
(212) 549-2500
rgoodman@aclu.org

Matthew R. Segal, BBO No. 654489
Rahsaan D. Hall, BBO No. 645369
Jessie J. Rossman, BBO No. 670685
Laura Rótolo, BBO No. 665247
American Civil Liberties Union
    Foundation of Massachusetts
211 Congress Street
Boston, MA 02110
(617) 482-3170 ex. 337
jrossman@aclum.org

Stuart Rossman, BBO No. 430640
Persis S. Yu, BBO No. 685951
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
srossman@nclc.org

*Attorneys for Plaintiffs*

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel asserts that she has conferred with the Defendant regarding this Motion in an attempt to narrow the issues, but the Defendant had not yet formulated a position at the time of filing.

/s/ Rachel E. Goodman
Rachel E. Goodman
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Rachel E. Goodman
Rachel E. Goodman
*Attorney for Plaintiffs*

Dated: September 7, 2018